IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASIL BROWN, ET AL. | § § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | NO. 3-09-CV-2422-K |
| RICHARDSON INDEPENDENT SCHOOL DISTRICT, ET AL. | | |
| Defendants. | | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Basil Brown and Yvonne Brown, individually and on behalf of their minor son, alleging violations of the McKinney-Vento Act, the Equal Protection Clause of the Fourteenth Amendment, and other federal and state laws. In sum, plaintiffs allege that defendants have improperly determined their son to be ineligible for participation in varsity basketball at Richardson Berkner High School, thus violating certain protections afforded to homeless youth. On December 18, 2009, plaintiffs tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiffs in their pauper's affidavits indicates that they lack the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. On

December 23, 2009, the court sent written interrogatories to plaintiffs in order to obtain additional information about the factual basis of their suit. Plaintiffs were warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." No answers were filed. Instead, plaintiffs filed an amended complaint on December 28, 2009.[1] Two weeks later, on January 12, 2010, plaintiffs filed a motion to vacate the interrogatories on the ground that the allegations in their amended complaint adequately stated a claim for relief and, therefore, "there is no need for the questionnaire to be completed by Plaintiffs[.]" The court denied the motion, but extended the deadline for plaintiffs to answer the interrogatories to January 22, 2010. Once again, plaintiffs were warned that "this case may be dismissed without further notice if they do not file verified answers to the questionnaire within the time specified herein." *See* Order, 1/13/10. On January 22, 2010, the day their answers were due, plaintiffs filed a second motion to vacate the interrogatories. That motion also was denied. *See* Order, 1/25/10. In its order, the court wrote:

> Although plaintiffs did not answer the magistrate judge's questionnaire by the January 22, 2010 deadline established by the court, that deadline will be extended *one last time* to **February 1, 2010**. Plaintiffs are warned that this case may be dismissed without further notice if they do not file verified answers to the questionnaire within the time specified herein.

*See id.* (emphases in original). To date, plaintiffs still have not answered the interrogatories. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1] Plaintiffs filed a second amended complaint on January 5, 2010. However, that pleading was ordered stricken from the record because plaintiffs neither sought nor obtained leave of court to amend their complaint a second time, as required by Fed. R. Civ. P. 15(a)(1)(A) & (2). *See* Order, 1/7/10.

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiffs more than six weeks ago. Plaintiffs have not answered the interrogatories despite repeated warnings that their failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to plaintiffs' failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories).

### **RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE